UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MATTHEW EDWARDS and JENNIFER ANDERSON | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO. 4:22-CV-00052 ) |
| JAY SHREE MAKALI INC d/b/a DAYS INN and VIKASKUMAR PATEL | ) ) ) ) ) |
| Defendants. | ) ) |

## *COMPLAINT*

Plaintiffs Matthew Edwards ("Edwards") and Jennifer Anderson ("Anderson") (Edwards and Anderson are collectively referred to herein as "Plaintiffs") bring this action against Jay Shree Makali Inc d/b/a Days Inn ("JSM") and Vikaskumar Patel ("Patel") (JSM and Patel are collectively referred to herein as "Defendants"), and shows the Court as follows:

### *OVERVIEW*

1.  This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Payment Statute I.C. § 22-2-5 *et seq.* Defendants violated the FLSA by failing to pay Plaintiffs the minimum wages required under federal law and by failing to pay Plaintiffs the overtime premium required under federal law. Defendants violated Indiana law by failing to timely pay Plaintiffs their earned wages. Lastly, Defendants retaliated against Plaintiffs in violation of the FLSA.

## *PARTIES*

2.      Edwards is an individual who resides in Jackson County, Indiana. He was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Edwards was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3.      Anderson is an individual who resides in Jackson County, Indiana. She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Anderson was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

4.      Patel is an owner, member and/or officer of JSM. In this capacity, Patel is involved in the day-to-day business operations of JSM. Patel has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the minimum wage and overtime violations alleged in this Complaint. At all relevant times, Patel acted and had responsibility to act on behalf of, and in the interests of, JSM in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the minimum wage and overtime issues raised in this lawsuit. At all relevant times, Patel was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

5.      JSM is an Indiana limited liability company doing business in Jackson County, Indiana. JSM acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs. JSM is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## *JURISDICTION*

This Court has jurisdiction over Defendants because Plaintiffs bring claims arising under federal law.  This Court has supplemental jurisdiction over Plaintiffs' Indiana state law claims pursuant to 28 U.S.C. § 1367.

## *VENUE*

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## *FLSA COVERAGE*

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

9. At all times hereinafter mentioned, Speedy was an employee engaged in commerce or in the production of goods for commerce.

## *FACTS*

10. Defendants own and operate a Days Inn Motel which is located in Seymour, Indiana.

11. Defendants employed Plaintiffs from approximately February 2021 to ___.

12. Plaintiffs performed general housekeeping and maintenance work for Defendants.

13. During their employment, Defendants paid Plaintiffs a base hourly rate of pay of $10.00 an hour.

14. On or around the same time Plaintiffs began their employment with Defendants, Plaintiffs moved into a room at Defendants' hotel and began paying rent.

15. Plaintiffs continue to live in Defendants hotel at the time of this filing.

16. On at least one occasion, Defendants made unlawful deductions from Plaintiffs' wages to cover the rent for Plaintiffs' room.

17. On or around November 15, 2021, Defendants began refusing to pay Plaintiffs any wages for their hours worked.

18. Defendants worked significant hours every week between November 15, 2021 and approximately the end of February 2022 without being paid any wages at all.

19. During their employment, each Plaintiff worked hours in excess of forty (40) in a single workweek but was not paid the required overtime premium for those hours.

20. On or around the end of February 2022 and because Defendants have refused to comply with federal minimum wage laws, Plaintiffs filed a claim with the Indiana Department of Labor and voluntarily resigned their employment with Defendants.

21. Immediately upon learning that Plaintiffs had filed a claim with the Indiana Department of Labor, Defendants sought to evict Plaintiffs' from the room at Defendants hotel.

22. Defendants have not filed any formal eviction proceedings against Plaintiffs in court. Rather, Defendants have turned off the water and electricity to Plaintiffs' room with the intention of forcing Plaintiffs to vacate.

23. Additionally, Defendants are in possession of the title to Plaintiffs' vehicle and have refused to return it to Plaintiffs.

24. Defendants actions are acts of retaliation against Plaintiffs' for Plaintiffs' exercising of their FLSA rights.

25. Plaintiffs were not exempt from the minimum wage and overtime provisions of the FLSA.

26. At the time Plaintiffs' employment with Defendants ended, Plaintiffs were owed but have not received, payment of their earned wages.

27. By refusing to pay Plaintiffs any earned wages for their hours worked over more than a three-month period, Defendants did not pay Plaintiffs the minimum wage required by the FLSA.

28. By making unlawful deductions and refusing to pay Plaintiffs all their earned wages for more than a three-month period, Defendants have failed to timely pay Plaintiffs' their earned wages in accordance with Indiana law.

29. During Plaintiffs' employment, Defendants, on at least one occasion, failed to pay Plaintiffs the overtime premium required under the FLSA.

### *COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT*

30. Plaintiffs hereby incorporate by reference Paragraphs 1-29 of this Complaint.

31. During the relevant time period, Defendants have violated and are violating

the provisions of 29 U.S.C. §§ 206 by failing to comply with the minimum wage requirements of the FLSA.

32. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §§ 207 by failing to comply overtime requirements of the FLSA. Specifically, Defendants have failed to pay Plaintiffs one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek.

33. Defendants acted intentionally, willfully, or with reckless disregard to the rights of Plaintiffs as protected by the FLSA.

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-5 et. seq.

34. Plaintiffs hereby incorporate by reference Paragraphs 1 – 33 of this Complaint.

35. During the relevant time period, Defendants have violated and are violating provisions of Indiana Code §§22-2-5 *et. seq.* by failing to timely pay Plaintiffs' wages.

36. Defendants' refusal to timely pay Plaintiffs their earned wages was in bad faith.

### COUNT III: RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

37. Plaintiffs hereby incorporate by reference Paragraphs 1 – 36 of this Complaint.

38. By seeking to evict Plaintiffs by turning of their water and electricity and by refusing to turn over the title to Plaintiffs' vehicle, Defendants retaliated against Plaintiffs because they engaged in protected activity in violation of the FLSA.

39. The actions of Defendants in retaliating against Plaintiffs were intentional, willful, and done in reckless disregard of Plaintiffs' rights under the FLSA, 29 U.S.C. §215(a)(3).

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs, in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiffs;

b. An Order pursuant to I.C. §§ 22-2-5 *et. seq.* finding Defendants liable for unpaid earned wages due to Plaintiffs, plus liquidated damages double in amount of the unpaid wages found due to Plaintiffs;

c. An Order awarding Plaintiffs costs of this action;

d. An Order awarding Plaintiffs reasonable attorney's fees;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
Robert F. Hunt (#7889-84)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Suite 168
Carmel, Indiana 46032

Telephone: (317) 743-0614
Facsimile: (317) 743-0615
E-Mail: rob@indianawagelaw.com

Attorneys for Plaintiffs